IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02704-WDM-MJW

PURNENDU SARKAR,

    Plaintiff,

v.

NANCY MCCALLIN, *et al.*,

    Defendants.

**ORDER ON MOTION TO DISMISS**

Miller, J.

This matter is before me on a Motion to Dismiss (Docket No. 10) filed by Defendants Nancy McCallin and The State Board for Community Colleges and Occupational Education ("SBCCOE"). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is granted in part and denied in part.

Background

This action arises out of Plaintiff's employment with Defendant SBCCOE. Plaintiff worked for SBCCOE as the Chief Information Officer/Vice President of Information Technology for Colorado Community College System ("CCCS"). Prior to Plaintiff's employment, CCCS awarded a ten million dollar contract to SunGard Higher Education ("SunGard") to provide a software system. After Plaintiff began his employment with SBCCOE, he voiced concerns regarding the SunGard contract and

the fact that it was awarded without a bidding process. During the next year Plaintiff voiced further concerns with SunGard's billing practices—that it had improperly billed $2.56 million for products and services not delivered in accordance with the contract. Plaintiff brought these concerns in open public meetings and to Colorado State Senator Ron May. Eventually, CCCS recovered the $2.56 million from SunGard and SunGard was terminated from the project. Plaintiff alleges that during this time Defendants McCallin and Kristin Corash[1] created a hostile work environment for Plaintiff based on his national origin. On August 31, 2006, after refusing to resign and being placed on administrative leave, Plaintiff was terminated from SBCCOE after working there for less than two years. Plaintiff alleges that Defendants engaged in other harassing acts after his termination including accusing him of stealing a laptop and calling his previous employers for fictitious "employment verifications."

In December 2007, Plaintiff brought this case against Defendants SBCCOE and McCallin, in her official capacity, asserting claims pursuant to (1) 42 U.S.C. § 1981 for national origin discrimination;[2] (2) 42 U.S.C. § 1983 for violation of his First Amendment rights to comment on a matter of public concern; (3) breach of contract; and (4) promissory estoppel. Defendants filed their motion to dismiss (Docket No. 10) on February 6, 2008 arguing that Plaintiff's claims were barred by the Eleventh Amendment and because neither SBCCOE nor McCallin in her official capacity were "persons" subject to liability under 42 U.S.C. § 1983. After the motion to dismiss was

---

[1] Kristin Corash was added as a defendant in both her official and individual capacity in the amended complaint (Docket No. 28).

[2] Plaintiff's country of origin is India.

filed and fully briefed, Plaintiff amended his complaint to drop SBCCOE as a defendant, add claims against McCallin in her individual capacity, add Barbara McDonnell and Kristin Corash as defendants in both their official and individual capacities, and add SBCCOE board members as defendants in their official capacities. These changes render many of the issues raised in the motion to dismiss moot.[3] However, the argument that claims for monetary and retroactive injunctive relief are barred against McCallin in her official capacity under the Eleventh Amendment is not moot. Furthermore, as Eleventh Amendment immunity is a jurisdictional issue, I conclude that it is appropriate for me to *sua sponte* address Eleventh Amendment immunity with respect to all the parties named in the amended complaint. *See Wis. Dep't of Corr. V. Schacht*, 524 U.S. 381, 394 (1998) (acknowledging that Eleventh Amendment immunity "can be waived and courts need not raise the issue *sua sponte*" but not precluding courts from *sua sponte* raising the issue); *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1419–20 (10th Cir. 1997) (noting that the Tenth Circuit has not affirmatively decided whether addressing the Eleventh Amendment jurisdictional bar is obligatory or permissive but that the Tenth Circuit has addressed the issue *sua sponte* in the past).

### Discussion

First, I note that SBCCOE is no longer a named defendant in this case. Therefore, to the extent that the motion to dismiss seeks dismissal of claims against

---

[3] I note that Plaintiff's motion to amend his complaint a second time (Docket No. 38) remains pending. However, as the proposed second amended complaint would not cure the defects in his first amended complaint addressed in this Order, it is appropriate to rule on the motion to dismiss by referencing his first amended complaint.

SBCCOE under any theory, it shall be denied as moot.  As noted above, however, Defendants'[4] argument regarding Eleventh Amendment immunity is applicable to Defendant McCallin in her official capacity as well as the newly named defendants who are sued in their official capacities.

The Eleventh Amendment bars federal jurisdiction over "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Eleventh Amendment bars suits brought directly against a state. *Cornforth v. Univ. of Okla. Bd. Of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001).  It also generally bars suits brought against state defendants in their official capacity because "suits against state officials in their official capacity [are] treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  However, "[i]n *Ex parte Young*, [209 U.S. 123 (1908),] the [Supreme] Court held that the Eleventh Amendment generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself." *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007); *accord Cornforth*, 263 F.3d at 1134 ("In the seminal case of *Ex parte Young*, the Supreme Court made it clear that a private individual may sue a state official for prospective injunctive relief in federal court even if the Eleventh Amendment bars such claims from being brought against the state itself.").

---

[4] Although one of the two defendants who filed the motion to dismiss is no longer a party to the lawsuit, I will continue to refer to defendants as plural because the argument applies to other newly named defendants who have been sued in their official capacities.

After a series of cases interpreting the *Ex Parte Young* doctrine, *Hill*, 478 F.ed at 1256, it is now clear that "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. PSC*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)); *Hill*, 478 F.3d at 1256 (quoting *id.*). Therefore, Plaintiff's claims are not barred against defendants in their official capacity to the extent he seeks prospective injunctive or declaratory relief.

In this case, Plaintiff seeks (1) declaration that the defendants' actions violated 42 U.S.C. § 1981 and 1983; (2) compensation for all lost earnings, wages, and other benefits; (3) compensation for "emotional distress, personal humiliation, and loss of enjoyment of life"; and (4) "injunctive relief from further discrimination and infringement on his rights, and for reinstatement or for front pay in lieu of reinstatement". (Am. Compl. At 7.) First, it is clear that the second and third prayers are barred by the Eleventh Amendment against defendants in their official capacity as they seek monetary damages. *See Hill*, 478 F.3d at 1255–56.

Second, a declaratory judgment (first prayer for relief) is similarly barred by the Eleventh Amendment if it is retrospective. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 ("[T]he [*Ex parte Young*] exception is narrow: It applies only to prospective relief, does not permit judgments against state officers

declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." (internal citations omitted)); *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003) (quoting *id.*); *see Verizon Md., Inc.*, 565 U.S. at 646 (examining declaratory relief prayer for relief with respect to *Young* to determine whether it related to past or future actions and concluding that "the prayer for declaratory relief adds nothing to the prayer for injunction" and allowing the case to go forward). Here, Plaintiff seeks a declaration that the "practices complained of herein are unlawful." (Am. Compl. at 7.) To the extent that Plaintiff seeks a declaratory judgment that past practices were unlawful, his claim is barred by the Eleventh Amendment, but to the extent that Plaintiff seeks a declaration that any ongoing violation is unlawful, his claim is not barred.

Finally, to the extent that the fourth prayer for relief seeks reinstatement, it is not barred by the Eleventh Amendment. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 (10th Cir. 2004) ("Reinstatement of employment is a form of prospective equitable relief that is within the doctrine of *Ex parte Young*."); *Nelson v. Geringer*, 295 F.3d 1082, 1099 (10th Cir. 2002) ("Accordingly, we hold the Eleventh Amendment is not a bar to reinstatement").

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss (Docket No. 10) is granted in part and denied in part.

2. Any claims against the defendants in their official capacities for monetary damages or retroactive injunctive or declaratory relief are dismissed with prejudice.

3. All other claims as articulated in the Amended Complaint (Docket No. 28) remain pending including (a) claims for prospective injunctive and declaratory relief against all defendants and (b) all claims against any defendant sued in their individual capacity.

DATED at Denver, Colorado, on August 1, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge