IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02704-WDM-MJW

PURNENDU SARKAR,

Plaintiff,

v.

NANCY MCCALLIN, in her individual and official capacity;
BARBARA MCDONNELL, in her individual and official capacity;
WANDA COUSAR, in her official capacity;
PATRICIA A. ERJAVEC, in her official capacity;
LEDY GARCIA-ECKSTEIN, in her official capacity;
JENNIFER HOPKINS, in her official capacity;
BERNADETTE MARQUEZ, in her official capacity;
JERRY NICKELL, in his official capacity;
JOHN TREFNY, in his official capacity;
TAMRA J. WARD, in her official capacity; and
KRISTIN CORASH, in her individual and official capacity,

Defendants.

---

## ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 84)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion to Compel Discovery (docket no. 84). The court has reviewed the subject motion (docket no. 84) and the response (docket 89) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 84);

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . ." Fed. R. Civ. P. 26(b)(1). "Despite this broad language, the rule does allow a court to limit discovery if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000);

5. That as to Plaintiff's interrogatory ("Rog") No. 4, I find that

Defendants have fully answered this interrogatory, and I further find that Plaintiff has taken the deposition of Cindy Hesse wherein Plaintiff asked Ms. Hesse numerous questions concerning Rog 4. Accordingly, no further response is required by Defendants to Rog No. 4;

6. That as to Plaintiff's Request for Production ("RFP") Nos. 3, 10, 19, 20, and 21, I find Defendants have fully responded to RFP Nos. 3, 10, 19, 20, and 21, and therefore no further response is required;

7. That as to Plaintiff's Second Set of RFP No. 5, I find Defendants have fully responded to Plaintiff's Second Set of RFP No. 5, and therefore no further response is required; and,

8. That based the above findings of fact and also based upon those additional reasons as stated in Defendants' response (docket no. 89), the subject motion (docket no. 84) should be denied.

**ORDER**

Wherefore, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Discovery (docket no. 84) is **DENIED**.

2. That each party shall pay their own attorney fees and costs for this

motion.

Done this 13th day of January, 2009.

                                              BY THE COURT

                                              <u>s/ Michael J. Watanabe</u>
                                              MICHAEL J. WATANABE
                                              U.S. MAGISTRATE JUDGE